Shane Colton
Joseph Cook
EDMISTON & COLTON
310 Grand Ave.
Billings, MT 59101
Telephone: (406) 259-9986
Fax: (406) 259-1094

Philip McGrady
MCGRADY LAW FIRM
P.O. Box 40
Park City, Montana 59063
406-322-8647 (phone)
406-322-8649 (fax)

Attorneys for the Plaintiff



## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| TODD J. LINDSAY and KELLIE LINDSAY,<br><br>Plaintiffs,<br><br>v.<br><br>WORLD FACTORY, INC., and JOHN DOES I – X,<br><br>Defendants. | Cause No. DV-14-0278<br><br>Judge  MARY JANE KNISELY<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs, by and through counsel of record, and for their complaint against the above-named Defendants, states and alleges as follows:

### JURISDICTION AND VENUE

1. Todd Lindsay is a resident and citizen of Billings, Yellowstone County, Montana, who was injured when scaffolding manufactured by World Factory, Inc., collapsed beneath him.

EXHIBIT 1

2. Kellie Lindsay is the spouse of Todd Lindsay, and is also a resident and citizen of Billings, Yellowstone County, Montana.

3. World Factory, Inc., is a Delaware Corporation with its U.S.A. Headquarters located at 8 Campus Circle, Suite 130, Westlake, Texas 76262. World Factory supplies goods manufactured in China to retailers and did supply, manufacture, design, warranty and/or sell multi-purpose scaffolding, model number 60600084 (hereinafter referenced as the "scaffolding" or "multi-purpose scaffolding"), and regularly conducts business in Yellowstone County, Montana.

4. Defendants John Does I – X are individuals or business entities unknown to Plaintiffs at this time and therefore are sued by fictitious names. Plaintiffs are informed and believe, and on that basis, allege, that each of the John Doe Defendants was in some manner legally responsible for the events, happenings, injuries, and damages alleged in this Complaint.

5. Jurisdiction and venue are appropriate in this Court as World Factory manufactured and placed the scaffolding in the stream of commerce, which Todd Lindsay ("Lindsay") purchased in Yellowstone County, Montana, and was injured on in Yellowstone County, Montana.

## FACTS COMMON TO ALL COUNTS

6. World Factory manufactured the multi-purpose scaffolding at issue here (model number 60600084) around November of 2007, which bears the following information, in part, on the scaffolding: Model # 60600084, Yellowstone Tools, 306 Air Line Drive, Suite 200, Coppell, Texas 75019.

7. Lindsay purchased the scaffolding new to use in his drywall finishing business.

8. On November 29, 2012, after the scaffolding was erected by Lindsay and was being used exclusively by Lindsay, the scaffolding collapsed while Lindsay was on the platform using the scaffolding for its intended use.

9. The collapse of the scaffolding caused or contributed to cause Lindsay to fall several feet to the ground.

10. As a result of the accident, Lindsay suffered severe injuries, which included, but were not limited to, complex left talar neck and talar body facture of the left ankle requiring immediate open reduction and internal fixation of the left ankle.

11. As a result of Lindsay's injuries, he has endured and will continue to endure great pain, suffering, disability, inconvenience, embarrassment, mental anguish, and emotional and psychological trauma.

12. As a result of Lindsay's injuries, he has expended and will be required to expend large sums of money for medical treatment and other attendant services.

13. As a result of Lindsay's injuries, he has sustained and will continue to sustain lost earnings, and his earning capacity has been reduced and may be permanently impaired.

14. As a result of Lindsay's injuries, he has been and will in the future be unable to enjoy various pleasures of life that he previously enjoyed.

## COUNT ONE
### (Products Liability)

Plaintiffs re-allege and incorporate herein by reference the allegations of the preceding paragraphs as set forth in full, and further allege as follows:

15. Under Montana law, a manufacturer of a product is liable for injury to a consumer caused by its product even if it exercised all possible care in the preparation and sale of that product and irrespective of whether the consumer purchased the product from or entered into a contractual relationship with the seller.

16. World Factory's scaffolding is defective and dangerous to Lindsay as those words are embodied in Section 402A of the Restatement (Second) of Torts and in Montana law, and such dangerous and defective condition was a substantial contributing factor to Lindsay's damages as set forth above.

17. The scaffolding reached the consumer (Lindsay) without substantial change in the condition in which it was sold.

18. The injuries and damages to Lindsay were directly and proximately caused by the defective condition of the scaffolding, either by virtue of its defective design, defective manufacture, or World Factory's failure to adequately warn of the dangers of the product, for which World Factory is strictly liable to Lindsay.

19. The injuries and damages suffered by Lindsay were directly and proximately caused by the failure of World Factory to equip the scaffolding with all devices necessary to make it safe for its intended use.

20. The scaffolding involved in the accident described above was defective for its foreseeable use and purpose.

21. World Factory's wrongful conduct in designing, manufacturing,

marketing, and/or distributing the scaffolding, as well as, World Factory's wrongful conduct in failing to provide proper and/or adequate warnings are of such character under Montana law, so that Lindsay is entitled to an award of exemplary damages in an amount to be determined at trial, in addition to his compensatory damages.

## COUNT TWO
### (Negligence)

Plaintiffs re-allege and incorporate herein by reference the allegations of the preceding paragraphs as set forth in full, and further allege as follows:

22. World Factory owed a duty of care to Lindsay to use reasonable care in connection with the design, development, testing, inspecting, manufacture, selection of materials for, assembly, distribution, sale, and warn against the dangers which could arise from the use of the scaffolding at issue.

23. The incident and resulting injuries to Lindsay were caused by the negligence of World Factory, acting by and through its agents, servants, workmen and employees.

24. Such negligence and carelessness consisted of the following:

(a) failing to properly equip the scaffolding with appropriate safety devices;

(b) failing to offer devices or products so as to make the scaffolding safe;

(c) allowing its scaffolding to be sold in a defective condition;

(d) failing to warn users or others subject to injury resulting from the dangerous product, of the dangers associated with the scaffolding;

(e) failing to investigate the dangers associated with its scaffolding and its use;

(f) placing its products in the stream of commerce when it knew it was not properly equipped with all features to make the scaffolding safe for its intended use;

(g) failing to properly design the scaffolding so that it would not cause harm or increase harm to others;

(h) designing, manufacturing, assembling, selling and/or leasing scaffolding which they knew, or should have known, was in a defective condition;

(i) failing to perform tests or studies about the operation of the scaffolding;

(j) failing to properly manufacture the scaffolding;

(k) ignoring evidence and facts about the dangers of the scaffolding when used in a reasonably foreseeable manner.

25. The accident was caused by the negligence and recklessness of World Factory, and was in no way caused by Lindsay.

## COUNT THREE
### (Punitive Damages)

Plaintiffs re-allege and incorporate herein by reference the allegations of the preceding paragraphs as set forth in full, and further allege as follows:

26. World Factory represented that its scaffolding was safe when, in fact, there have been repeated problems with the same and similar scaffolding which injured Lindsay.

27. World Factory was aware of the problems with its scaffolding. Thus, World Factory had knowledge of the falsity of the representation that its scaffolding was safe,

or concealed a material fact with the purpose of depriving Lindsay of his property or legal rights or otherwise causing him injury.

28. World Factory was aware of the problems with the scaffolding but yet intentionally disregarded these facts, creating a high probability of injury to Lindsay, or proceeded with indifference to the high probability of injury to Lindsay.

## COUNT FOUR
### (Loss of Consortium)

Plaintiffs re-allege and incorporate herein by reference the preceding allegations as though set forth in full, and further allege as follows:

29. Plaintiff Kellie Lindsay, as a result of the wrongful acts and/or omissions of the Defendants, as stated above, has suffered and will continue to suffer loss of consortium as that claim is defined under Montana law, and is entitled to recover all damages available under Montana law from the Defendants.

**WHEREFORE**, Plaintiffs pray judgment against Defendants for all damages to which they are entitled to under Montana law in such categories and in such amounts as will be furnished to Defendants in accordance with applicable Montana law, or by amendment, final pretrial order, or proof at trial. In addition, Plaintiffs are entitled to substantial punitive or exemplary damages because of the character of Defendants' wrongful acts and/or omissions. Plaintiffs leave the precise damages as are just and proper to Plaintiffs' trial jury as that jury judges all facts and circumstances presented.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury.

DATED this 19th day of February, 2014.

By _____
EDMISTON & COLTON
Shane Colton
Joseph Cook

McGRADY LAW FIRM
Philip McGrady

Attorneys for Plaintiffs