# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TODD J. LINDSAY and KELLIE LINDSAY,<br><br>          Plaintiffs,<br><br>  vs.<br><br>WORLD FACTORY, INC., and JOHN DOES I-X,<br><br>          Defendants. | CV-14-48-BLG-SPW-CSO<br><br>**ORDER GRANTING MOTION TO AMEND ANSWER** |

This is a products liability action. Plaintiffs Todd J. and Kellie Lindsay ("Lindsays") claim that Todd was injured when the scaffolding upon which he was working collapsed causing him to fall. *First Am. Cmplt. (ECF 16) at ¶¶ 9-11.*

The Lindsays assert that Defendant World Factory, Inc. ("World Factory") "marketed, controlled, distributed, imported, sold, participated in the design of, and directed the manufacturing of the multi-purpose scaffolding at issue here." *Id. at ¶6.* They claim that the scaffolding was defective in its design and manufacture, and because World Factory failed to adequately warn consumers of the scaffolding's dangers. They further claim that World Factory is liable under

products liability (count one) and loss of consortium (count three) theories of recovery, and also claim entitlement to punitive damages (count two). *Id. at ¶¶ 17-48.*

Pending is World Factory's motion to amend its Answer to assert misuse or misassembly in defense. *ECF 20 at 1; World Factory's Opening Br. (ECF 21) at 2.* The Lindsays oppose the motion. *Lindsays' Resp. Br. (ECF 22).* Having considered the parties' arguments and submissions, the Court will grant the motion.

## I.  RELEVANT PROCEDURAL BACKGROUND

On February 19, 2014, the Lindsays filed their Complaint in Montana state court. *Cmplt. (ECF 5) at 1.*

On April 7, 2014, World Factory removed the action to this Court. *Notice of Removal (ECF 1) at 1.*

On April 10, 2014, World Factory filed its Answer. *Answer (ECF 6).* In it, World Factory asserted "misuse" as its Second Affirmative Defense. *Id. at 9.*

On April 11, 2014, the Court issued an order setting this case for a preliminary pretrial conference to put in place a schedule. *Order Setting PPTC (ECF 7).*

On April 24, 2014, the Court conducted a preliminary pretrial conference with counsel. *Minute Entry (ECF 12)*. The same day, the Court filed the Scheduling Order setting July 18, 2014, as the deadline to amend pleadings. *Sched. Order (ECF 13) at ¶ 1*.

On July 18, 2014, the Lindsays filed their First Amended Complaint. *First Am. Cmplt. (ECF 16)*.

On August 1, 2014, World Factory filed its Answer to the First Amended Complaint. *Ans. to First Am. Cmplt. (ECF 17)*. In it, World Factory did not assert misuse as an affirmative defense as it had done in its original Answer. *Id*.

On February 13, 2015, World Factory filed the motion at hand seeking to reassert the misuse affirmative defense. *Mtn. to Amend Answer (ECF 20)*.

## II.  PARTIES' ARGUMENTS

World Factory argues that the Court should allow its proposed amendment for three principal reasons. First, World Factory argues that it initially asserted the misuse defense in its Answer to the Lindsays' original Complaint. But it withdrew the defense after receiving an "admonition" from the Court at the preliminary pretrial

conference, albeit with leave to renew the defense if discovery revealed evidence to support it. *ECF 21 at 2.*

Second, World Factory argues that good cause exists for it to amend its Answer to assert the misuse or misassembly defense. It argues that, even though it has been diligent, it could not have met the Scheduling Order's July 18, 2014 deadline to amend because: (1) the Lindsays filed their First Amended Complaint on July 18, 2014, which would not have allowed it sufficient time to amend its Answer and comply with the deadline, *id. at 6, 9*; (2) despite Todd Lindsay's September 10, 2014 deposition testimony that the scaffold was properly assembled on the day of the accident, the Lindsays' liability expert, Thomas A. Berry, opined in his October 10, 2014 report, that a person assembling the scaffold could mistakenly believe that it was properly assembled when it actually was not, *id. at 8*; and (3) discussions during the parties' December 2, 2014 mediation led World Factory to believe that the Lindsays may argue at trial that Todd Lindsay did not properly assemble the scaffolding on the day of the accident, *id. at 8-9.*

Third, World Factory argues that allowing it to amend its Answer to assert the misuse defense would neither prejudice the Lindsays nor

delay the case. It argues that the Lindsays "were on notice that issues existed regarding proper assembly of the scaffolding because they injected those issues into the case through their First Amended Complaint, their liability expert disclosure, and their theory during mediation." *Id. at 10.* Also, World Factory maintains that its proposed amendment would result in no additional discovery and no further modification of Scheduling Order deadlines. *Id.*

In response, the Lindsays argue that the Court should not permit World Factory to amend its Answer for several reasons. First, they argue that as early as June 27, 2014, through their responses to World Factory's discovery requests, they stated their theories of liability in detail. They argue that "World Factory knew precisely what [their] theories were prior to [the] July 18, 2014[ ]" deadline to amend pleadings. *ECF 22 at 2-3.* Thus, the Lindsays argue, World Factory's argument that it first learned of possible misuse or misassembly when the Lindsays filed their First Amended Complaint on July 18, 2014, is false, and "World Factory had ample time to add the affirmative defense of misuse prior to the July 28, 2014, deadline to amend the pleadings." *Id. at 3-4, 12.*

Second, the Lindsays argue that World Factory has failed to explain why it did not add the misuse defense when it filed its Answer to Plaintiffs' First Amended Complaint on August 1, 2014.  And, they argue, World Factory also has not explained why it did not move to amend at "subsequent dates cited in its brief, all of which were months ago."  *Id. at 4*.  Instead, the Lindsays note, World Factory now seeks to amend its Answer on "the eve of the close of discovery[.]" *Id*.

Third, the Lindsays argue that the factors courts are to consider in determining whether to permit amendment of the pleadings weigh in favor of denying World Factory's motion.  They argue that: (1) World Factory engaged in undue delay and was not diligent in seeking to amend, but rather "allowed nearly eight months to pass" before filing the instant motion, *id. at 5-6*; (2) World Factory does not have, and cannot show, "good cause" for seeking to amend seven months beyond the deadline for doing so because it could have added the misuse defense: (a) when it filed its Answer to the Amended Complaint on August 1, 2014; (b) shortly after it took Todd Lindsay's deposition on September 10, 2014; or (c) after mediation held on December 2, 2014, rather than waiting until two weeks before the close of discovery, *id. at*

*6-7*; (3) World Factory's argument that "Plaintiffs may assert at trial that the scaffolding was improperly assembled" makes no sense because Todd Lindsay's deposition testimony is clear that he believed he had properly assembled the scaffolding and it still collapsed, *id. at 7*; (4) World Factory's proposed amendment is futile because it has asserted insufficient facts in support and because Todd Lindsay's use of the scaffolding was foreseeable, facts that preclude a misuse defense, *id. at 8-11*; (5) as noted above, World Factory easily could have added the misuse defense in its Answer to the First Amended Complaint, *id. at 12*; and (6) they will suffer unfair prejudice if the amendment is allowed because its late filing forecloses them from exploring through discovery any of the "variety of factual and legal issues[ ]" that the misuse defense raises, *id. at 12-13*.

In reply, World Factory first argues that the Lindsays' response to its motion to amend highlights the principal basis for its motion. *World Factory's Reply Br. (ECF 28) at 1-2.* World Factory argues that "it cannot ascertain what [the Lindsays'] argument will be at trial: that Todd Lindsay properly assembled the scaffolding, as he testified in his deposition, or that the scaffolding was not properly assembled – even in

the face of clear warnings regarding the dangers of improper assembly – thus causing the collapse. World Factory seeks to add the defense of misuse or misassembly in the event [the Lindsays] intend to proceed with their argument that the scaffolding was misassembled." *Id. at 2*.

Second, World Factory again argues that its motion is timely, not futile, and will not cause the Lindsays prejudice. *Id*. Specifically, World Factory argues that it has not so unduly delayed amending its Answer that it should be barred from asserting the misuse defense. *Id. at 3*.

World Factory again notes that the Court, at the preliminary pretrial conference, admonished it to ensure that "sufficient facts needed to be developed in discovery to support this defense before it could be asserted." *Id*. And, it argues, "[t]he Court further advised the parties that the defense could be added at a later time if, in fact, such facts developed." *Id*.

Although acknowledging that the Lindsays asserted in their June 2014 discovery responses that a person could mistakenly believe that the scaffolding was properly assembled when it was not (and reiterating this statement in their July 28, 2014 First Amended

Complaint), World Factory argues that Todd Lindsay was not deposed until September 2014. To that point, World Factory argues, it may have been aware of the misuse defense legal theory, but no facts had yet been developed to support it, so World Factory could not have properly asserted the defense at that time. *Id. at 4-6.* And, it notes, the mediation of this matter was not held until December 2, 2014, at which time World Factory learned that the Lindsays intend to argue at trial that the scaffolding was not properly assembled, despite Todd Lindsay's deposition testimony to the contrary. *Id. at 6.* After researching these issues in preparation for briefing, World Factory argues, it filed its motion to amend on February 13, 2015. Thus, World Factory argues, it was diligent and did not engage in undue delay in bringing its motion. *Id.*

Third, World Factory argues that its proposed amendment is not futile. *Id.* It argues that the Lindsays assert a failure-to-warn claim and the jury will have to decide whether the scaffolding's warnings were adequate and whether they would have prevented the collapse if Todd Lindsay had followed them. World Factory argues that it should be permitted to introduce evidence that Todd Lindsay misassembled

the scaffolding despite warnings of the dangers of misassembly and the presence of instructions about proper assembly. Thus, World Factory argues, it should be able to argue that misassembly in this case was not foreseeable because instructions were given, warnings were legally adequate, and Todd Lindsay was an experienced scaffold user. *Id. at 7-13.*

Fourth, World Factory argues that the Montana Supreme Court has never expressly held that misassembly of a product by the user in the presence of warnings and instructions constitutes a misuse of the product. *Id. at 13.* And, World Factory argues, it has never made any admission that improper assembly is foreseeable in light of the presence of assembly instructions, labels, and warnings. Thus, it argues, it should be allowed to argue facts that negate the causation element of the Lindsays' products liability claim and any inferences that can be drawn from those facts. *Id. at 13-14.*

Fifth, World Factory argues that its proposed amendment adding the misuse or misassembly defense is sufficient to meet the applicable pleading standard. World Factory argues that its proposed amendment comports with controlling Ninth Circuit authority because it gives the

Lindsays fair notice of the affirmative defense.  *Id. at 15.*

Sixth, World Factory argues that the Lindsays would not suffer prejudice if it is allowed to amend its Answer.  It argues that it has been diligent in seeking to add the defense and any delay in the filing of its motion to do so is justified for reasons already stated.  And, World Factory argues, all deadlines that have already passed need not be further extended, and the parties can still move forward with the mediation scheduled for April 6, 2015.  *Id. at 16.*  The Lindsays are not prejudiced, World Factory argues, because its proposed affirmative defense is made in response to arguments that the Lindsays have injected into this case.  *Id.*

## III.  DISCUSSION

### A.  Legal Standards

Where, as here, the deadline for amending pleadings has passed, World Factory must first show "good cause" for not having amended its Answer before the time specified in the scheduling order expired.  This "good cause" standard is articulated both in the Scheduling Order (*ECF 13 at ¶ 1*) and in Rule 16(b)(4)[1] ("A schedule may be modified only for

---

[1]References to rules are to the Federal Rules of Civil Procedure unless otherwise noted.

good cause and with the judge's consent"); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).  In *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992), the Ninth Circuit explained that "[u]nlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Good cause to excuse noncompliance with the scheduling order exists if the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension."  *Id*. (quoting Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 Amendment)).

Prejudice to the opposing party may provide an additional reason to deny a motion to amend, but "the focus of the inquiry is upon the moving party's reasons for seeking modification."  *Johnson*, 975 F.2d at 609.  "If that party was not diligent, the inquiry should end."  *Johnson*, 975 F.2d at 609; *see also In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) (upholding denial of motion to amend where "the party seeking to modify the scheduling

order has been aware of the facts and theories supporting amendment since the inception of the action").

In considering diligence, courts consider whether the moving party is able to show:

> (1) that [it] was diligent in assisting the Court in creating a workable Rule 16 order ...; (2) that [its] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference ...; and (3) that [it] was diligent in seeking amendment of the Rule 16 order, once it became apparent it could not comply with the order ....

*Richland Partners, LLC v. Cowry Enterprises, Ltd.*, 2014 WL 4954475, *3 (D. Mont., Sept. 29, 2014) (*quoting Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)).  The party seeking to continue or extend the deadlines bears the burden of proving good cause.  *Johnson*, 975 F.2d at 608-09; *see also Zivkovic v. S.Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

If good cause exists for seeking amendment after the scheduling order's deadline, the Court then turns to Rule 15(a) to determine whether amendment should be allowed.  "Although Federal Rule of Civil Procedure 15(a) provides that leave to amend 'shall be freely given

when justice so requires,' it 'is not to be granted automatically.'" *In re Western States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 738 (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)).  Under Rule 15(a), the Ninth Circuit directs that courts consider the following five factors to assess whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Id*.  "These factors are not of equal weight; prejudice to the opposing party has long been held to be the most crucial factor in determining whether to grant leave to amend." *Nationwide Agribusiness Ins. Co. v. Garay*, 2015 WL 756617, *4 (E.D. Cal., Feb. 23, 2015) (*citing Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).

### B.   Rule 16(b)(4)'s "Good Cause" Requirement

Because World Factory's motion comes more than six months after the deadline to amend pleadings, World Factory must

demonstrate good cause under Rule 16(b)(4) to modify the Scheduling Order to allow it to amend its Answer. Although this is a close question, the Court concludes that World Factory has made the requisite showing.

As an initial matter, applying the factors discussed above in *Richland Partners*, the Court concludes that World Factory was diligent in assisting the Court in creating a workable schedule in this case. First, as noted above, after World Factory filed its Answer, the Court promptly scheduled a preliminary pretrial conference. *ECF 7*. The parties filed their requisite Joint Discovery Plan (*ECF 8*), statement of stipulated facts (*ECF 9*), and preliminary pretrial statements (*ECF 10 and 11*). A short time later, the Court and counsel participated in the preliminary pretrial conference (*ECF 12*) and the Court issued the Scheduling Order (*ECF 13*). Neither party delayed this process.

Second, the Court concludes that World Factory's failure to comply with the deadline for amending pleadings occurred because matters developed that it arguably could not have reasonably foreseen or anticipated at the time of the preliminary pretrial conference. As

noted, at the time of Todd Lindsay's September 10, 2014 deposition, at which he testified that he properly assembled the scaffolding *(ECF 21-2 at 2-5)*, World Factory was under the impression that the Lindsays intended to persist in their position that misuse or misassembly of the scaffolding was not at issue. But after receiving the Lindsays' liability expert's report of October 10, 2014 *(ECF 21-3)*, and engaging in a mediation with the Lindsays on December 2, 2014, World Factory determined that the Lindsays may argue at trial that Todd Lindsay did not properly assemble the scaffolding, even though he testified at his deposition that he did. These seemingly inconsistent positions by the Lindsays prompted World Factory to reevaluate its position and to move for leave to amend its Answer to reassert the misuse affirmative defense.

Third, while it arguably may have been prudent for World Factory to more promptly seek leave to amend, the Court cannot conclude, for two reasons, that it lacked diligence in filing its motion. First, at this point in the proceedings, it is not entirely clear whether the Lindsays will argue at trial that Todd Lindsay properly assembled the scaffolding or whether they will maintain that the scaffolding was not

properly assembled. Thus, to ensure a fair trial for all parties, World Factory must be permitted to assert the misuse or misassembly defense.

Second, before a party may assert any claim or defense, it must possess a factual basis to do so. *Richmond v. Mission Bank*, 2014 WL 6685989, *6 (E.D. Cal., Nov. 26, 2014). On the current record, it may not have been apparent to World Factory earlier, until it pieced together information in the Lindsays' liability expert's report and statements they apparently made during mediation, that the Lindsays may take the position at trial that possible misuse or misassembly of the scaffolding resulted in its collapse. For these reasons, the Court cannot conclude that World Factory has failed to exercise diligence in seeking to reassert an affirmative defense that may or may not be necessary at trial.

The Court also concludes that any prejudice to the Lindsays that may result from allowing the requested Scheduling Order modification can easily be overcome. Upon a proper motion, the Court may allow the parties to conduct whatever additional discovery, tailored to the reasserted defense of misuse or misassembly, they may need to

conduct.  Also, the Court will entertain any proper motion for leave to allow additional motions to be filed, again tailored to the misuse or misassembly defense.

### C.  Rule 15(a) – Application of Factors

Because the Court concludes that World Factory exercised reasonable diligence and has demonstrated good cause under Rule 16(b)(4), the Court next must decide whether amendment of World Factory's Answer is proper under Rule 15.

### 1.  Prior amendments

Under Ninth Circuit authority, the Court's discretion to deny an amendment is "particularly broad" if a party has previously amended its pleading.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).  Here, World Factory previously amended its Answer.  *See ECF 17.*  But it filed that pleading in response to the Lindsays' First Amended Complaint.  Thus, this factor does not weigh against allowing it to amend now.

### 2.  Undue delay

Undue delay, as a sole basis, is insufficient for precluding leave to amend.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.

1987) (*citing United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981);

*Hurn v. Retirement Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th

Cir. 1981)).  But combined with other factors, delay may be enough to

deny amendment.  *Hurn*, 648 F.2d 1254.

In considering the undue delay factor, courts may consider

"whether the moving party knew or should have known the facts and

theories raised by the amendment in the original pleading."  *Jackson v.*

*Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).  Also, courts are to

consider whether "permitting an amendment would . . . produce an

undue delay in the litigation."  *Id*.

Here, the Court already has addressed whether World Factory

knew or should have known about the misuse or misassembly defense

earlier.  As set forth above, World Factory originally asserted the

defense in its initial Answer.  It dropped the defense when it answered

the Lindsays' First Amended Complaint, but seeks to reassert it now

based on the Lindsays' possible assertion at trial that Todd Lindsay did

not properly assemble the scaffolding.

The Court concludes that allowing the amendment will not cause

undue delay in the litigation.  While strict adherence to a scheduling

order is preferred, reaching the merits of a case is of paramount importance. No delay caused by this amendment is anticipated and, if any delay is necessary, it will be minimal to allow additional limited discovery if needed and if the parties seek leave to file motions related thereto. The original Scheduling Order has been amended only once, on a stipulated motion to provide a short extension of expert disclosure deadlines. No trial date is set in this matter, so any delay will not materially disrupt further scheduling. For these reasons, the Court concludes that the undue delay factor does not weigh against amendment.

### 3. <u>Bad faith</u>

The Lindsays have neither argued nor shown that World Factory acted in bad faith in seeking leave to amend. Thus, this factor does not weigh against amendment.

### 4. <u>Futility of amendment</u>

An amendment's futility alone can support denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Miller v. Rykoff–Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or

legally insufficient"). "Futility is analyzed under the same standard of legal sufficiency as a motion to dismiss under [Rule] 12(b)(6). In other words, leave to amend should not be denied based on futility unless the proposed amended complaint would fail to state a claim upon which relief can be granted." *Richmond*, 2014 WL 6685989 at *5 (citations and internal quotations omitted). "Likewise, a motion for leave to amend is futile if it is undisputed that the amendment cannot impose or avoid liability." *Id.* (*citing Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)).

As noted, the Lindsays argue that World Factory's proposed amendment is futile. They argue that World Factory has asserted insufficient facts in support of its amendment and Todd Lindsay's use of the scaffolding was foreseeable, which precludes a misuse defense. *ECF 22 at 8-11*. The Court disagrees.

First, "[j]ust as a plaintiff's complaint must allege enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility, [*Bell Atlantic v.*] *Twombly*, 550 U.S. [544], 570 [(2007)], a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense[.]

Mere labels and conclusions do not suffice." *Dion v. Fulton Friedman &*
*Gullace*, 2012 WL 160221, *2 (N.D. Cal., Jan. 17, 2012) (citations
omitted). Here, World Factory's proposed amended Answer places the
Lindsays sufficiently on notice of the underlying factual bases for its
Sixth Affirmative Defense of Misuse or Misassembly to make the
defense facially plausible. *See ECF 21-1 at 11.* The proposed
amendment, therefore, is not futile.

Second, as is evident from the foregoing discussion, whether Todd
Lindsay misused or misassembled the scaffolding, and even whether
the Lindsays intend to argue that he did, is unclear at this point. The
proposed amendment is not futile on this basis, either.

For the foregoing reasons, the Court concludes that this factor
does not weigh against amendment.

### 5.   <u>Prejudice to the Lindsays</u>

As noted, prejudice to the Lindsays is the most important factor
in determining whether to allow World Factory to amend its Answer.
*Eminence Capital*, 316 F.3d at 1052; *Nationwide Agribusiness*, 2015
WL 756617 at *4. The party opposing an amendment – here, the
Lindsays – bears the burden of showing prejudice. *DCD Programs*, 833

F.2d at 187. To support denial of a motion for leave to amend, prejudice must be substantial. *Richmond*, 2014 WL 6685989, *6 (*citing Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

As noted, the Lindsays argue that they will suffer unfair prejudice if the amendment is allowed because its late filing forecloses them from exploring through discovery any of the "variety of factual and legal issues[ ]" that the misuse defense raises. *ECF 22 at 12-13*. The Court is not persuaded.

As the Court noted above in discussing good cause under Rule 16(b)(4), any prejudice to the Lindsays that may result from allowing World Factory to amend its Answer can easily be overcome by allowing, if necessary, additional discovery tailored to the reasserted defense of misuse or misassembly and any motions related to it. As already discussed, neither a trial date nor any other proceeding beyond an upcoming mediation has been scheduled. Although some dispositive motions were recently filed, they are not yet fully briefed and thus not ripe for consideration. Accordingly, little or no prejudice will result from any delay that may be attributable to allowing World Factory to

amend its Answer.  Thus, this factor does not weigh against amendment.

**IV.  <u>CONCLUSION</u>**

For the foregoing reasons, IT IS ORDERED that World Factory's motion to amend its Answer (*ECF 20*) is GRANTED.  World Factory must promptly file its Amended Answer.

DATED this 18th day of March, 2015.


<u>/s/ **Carolyn S. Ostby**</u>
United States Magistrate Judge